J-S02016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PRUDENT BUTE | : | |
| | : | |
| Appellant | : | No. 1076 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 13, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008309-2021

BEFORE:  LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED MARCH 21, 2025**

Prudent Bute appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following a one-day bench trial, after which he was convicted of criminal trespass[1] and criminal mischief.[2] On appeal, Bute challenges the sufficiency of the evidence supporting his convictions.  After careful review, we affirm.

On April 30, 2021, Mark Laurent arrived at 4911 West Thompson Street (property) in Philadelphia, a property he owned with his wife. *See* N.T. Trial, 3/13/24, at 9.  Laurent approached the property and found the front door unlocked and Bute inside doing repair work on the house.  *Id.* at 10-11.

_____

[1] 18 Pa.C.S.A. § 3503(a)(1)(i).

[2] *Id.* at § 3304(5).

Laurent observed damage in the kitchen, on the windows, and on the front and back doors of the house. *Id.* at 15, 19. The locks had also been changed. *Id.* at 15. Laurent asked Bute who he was and what he was doing in the residence, to which Bute responded by asking who Laurent was and what he was doing in the residence. *Id.* at 17. Laurent then told Bute he owned the property and asked who gave Bute the authorization to be in the residence. *Id.* Bute responded by saying he owned the property and asked Laurent who gave him authorization to be in the residence. *Id.* Laurent testified that he did not know Bute and never gave Bute permission to enter the property.[3] *Id.* at 16. Laurent called the police and, when they arrived, the officers told Bute to leave the property and give the keys for the new locks Bute had installed to Laurent. *Id.* at 39. Bute complied. *Id.*

At trial, Bute testified that he first saw the property a year prior, noticed it appeared abandoned, that he never saw anyone enter or leave the home, and, thus, believed that the property was not owned by anyone. *Id.* at 29, 32. Bute testified that he had entered the property at least six months prior to April 30, 2021, through the unlocked front door, and observed clutter— including commercial hair dryers and a king-sized bed frame—in the premises. *Id.* at 33-34. Bute assumed the residence was being used for storage. *Id.*

---

[3] At trial, Laurent testified that he had been to the property three days prior to April 30, 2021. *See id.* at 13. However, on the date of the incident, Laurent told officers that it had been about two weeks since the last time he had been to the property. *Id.* at 23.

at 34, 38. Prior to April 30, 2021, Bute estimated he had entered the property at least ten times to work on the interior and secure it for himself, which included changing the locks and putting up a no-trespassing sign. *Id.* at 34-35. Laurent testified at trial that it cost him $900.00 to repair the damage that Bute had done to the property. *Id.* at 19-20.

Bute was charged with burglary,[4] criminal trespass, theft,[5] receiving stolen property,[6] and criminal mischief. On March 13, 2024, following a bench trial, the trial court convicted Bute of criminal mischief and criminal trespass. Bute was acquitted of all other charges. That same day, the trial court sentenced Bute to one year of reporting probation, ordered $900.00 in restitution, and issued a stay-away order with respect to Laurent and his property. *Id.* at 53-54.

Bute filed a timely *pro se* notice of appeal and Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[7] He raises the following claims for our review:

---

[4] 18 Pa.C.S.A. § 3502(a)(2).

[5] *Id.* at § 3921(a).

[6] *Id.* at § 3925(a).

[7] On April 12, 2024, Bute filed a *pro se* notice of appeal and Rule 1925(b) statement; however, Bute was still represented by the Defender Association of Philadelphia at the time. Since Bute was represented by counsel at the time he filed his *pro se* Rule 1925(b) statement, this Court will not review it. *(Footnote Continued Next Page)*

(1) Was the evidence insufficient to prove beyond a reasonable doubt that [] Bute knew he was not licensed or privileged to enter the property, when he truly believed that the property was abandoned?

(2) Was the evidence insufficient to prove beyond a reasonable doubt that [] Bute committed criminal mischief when the Commonwealth failed to prove beyond a reasonable doubt that he intentionally caused damage to the property of another, as he mistakenly believed the property was now his?

Brief of Appellant, at 2.

The following principles govern our standard of review of an appeal challenging the sufficiency of the evidence:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Johnson*, 180 A.3d 474, 478 (Pa. Super. 2018) (quoting

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000)).

---

*See Commonwealth v. Jette*, 23 A.3d 1032, 1040 (Pa. 2011) (concluding hybrid representation precluded and represented defendants may not raise *pro se* claims on appeal). However, *pro se* notices of appeal are an exception to the hybrid representation rule. Therefore, this Court is able to accept this appeal as timely. *See Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa. Super. 2016) (Superior Court required to docket *pro se* notice of appeal even when the litigant is represented by counsel). Finally, since the trial court did not order counsel to file a Rule 1925(b) statement, we do not find any claims waived on appeal for the lack of a counseled statement.

Further, the trier of fact, when passing upon the credibility of the witnesses is free to believe all, part, or none of the evidence. ***Commonwealth v. Valette***, 613 A.2d 548, 549 (Pa. 1992). In reviewing a sufficiency claim, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. ***Commonwealth v. Williams***, 302 A.3d 117, 120 (Pa. Super. 2023).

A person commits the offense of criminal trespass where he, "**knowing that he is not licensed or privileged to do so**, [] breaks into any building or occupied structure or separately secured or occupied portion thereof." 18 Pa.C.S.A. § 3503(a)(1)(ii) (emphasis added). The offense is graded as a second-degree felony. ***Id.*** at § 3503(a)(2). There are three defenses to criminal trespass:

> (1) a building or occupied structure involved in an offense under subsection (a) of this section was abandoned;
>
> (2) the premises were at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining in the premises; or
>
> (3) the actor reasonably believed that the owner of the premises, or other person empowered to license access thereto, would have licensed him to enter or remain.

***Id.*** at § 3503(c).

A person commits the offense of criminal mischief where he "intentionally damages real or personal property of another." 18 Pa.C.S.A. § 3304(a)(5). The offense is graded as a third-degree misdemeanor if he

"intentionally or recklessly causes pecuniary loss in excess of $500[.00,]" but less than $1,000.00. *Id.* at § 3304(b).

Here, Bute argues that the Commonwealth failed to prove that he possessed the requisite *mens rea* to commit criminal trespass and criminal mischief. *See* Brief of Appellant, at 7-8, 11-12. Specifically, Bute asserts that he reasonably believed that the property was abandoned, *id.* at 8, and, therefore, his reasonable and *bona fide* mistake of fact regarding whether he had a license to enter the property is a defense to the criminal trespass charge.[8] *Id.* at 9. Additionally, Bute claims that since he believed the property was abandoned, any improvements he made to the property were not intentional damage to the real or personal property of another, *id.* at 11-12, but, rather, an attempt to improve property he believed was his. *Id.* at 12.

_____

[8] Bute's mistake of fact is based on his mistake of law. Bute believed that the property was abandoned and in escheat. N.T., 3/13/2024, at 29. Escheat refers to abandoned or unclaimed property, or property without a rightful owner, which is under the control of the Commonwealth. *See* 72 P.S. § 1301.2. *See also* 68 P.S. § 88 (adverse possession does not apply to claims adverse to Commonwealth of Pennsylvania). This property was not escheat, it was owned and under the control of Laurent. Since Bute believed the property was abandoned, he mistakenly believed that he could obtain the property through adverse possession. Obtaining property using adverse possession requires hostile possession where "the person claiming adverse possession enters and remains on the land without the permission of the true owner." *Lehmann v. Keller*, 684 A.2d 618, 620 (Pa. Super. 1996). Here, Bute did not remain on the property, but came and went over the span of six months. *See* N.T. Trial, 3/13/2024, at 33.

Further, Bute asserts when a mistake of fact is offered as a defense to a crime, the Commonwealth bears the burden of proving beyond a reasonable doubt that the mistake was not *bona fide* and unreasonable, and that the Commonwealth failed to do so. *Id.* at 9, 11. The Commonwealth must prove the "absence of a *bona fide*, reasonable mistake or that the mistake alleged would not have negated the intent necessary to prove the crime charged." *Commonwealth v. Namack*, 663 A.2d 191, 195 (Pa. Super. 1995). Bute argues that his *bona fide* and reasonably mistaken belief that the house was abandoned negates the necessary *mens rea* to sustain convictions of criminal trespass and criminal mischief and, therefore, his convictions should be vacated discharged. *Id.* at 11, 13. We disagree.

Instantly, the Commonwealth presented sufficient evidence to establish criminal trespass and criminal mischief and to disprove, beyond a reasonable doubt, the defense of abandonment. The evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, shows that Bute's belief that the property was abandoned was unreasonable. First, we note that the defense of abandonment does not hinge on a subjective belief that negates the *mens rea* of criminal trespass. *See Commonwealth v. Henderson*, 419 A.2d 1366, 1367 (Pa. Super. 1980).[9] Rather it provides a defense to the offense where the property is actually abandoned. This Court has held that

_____

[9] While **Henderson** addresses the defense of abandonment as it applies to the burglary statute, 18 Pa.C.S.A. § 3502(b), the defense of abandonment is the same as it is in the criminal trespass statute, 18 Pa.C.S.A. § 3503(c)(1).

- 7 -

an abandoned building is one that has been "wholly forsaken or deserted." *Id.* Therefore, abandonment is not proven because a building is uninhabited. *See id.* Further, the abandonment defense does not require a mental element, so a defendant's state of mind based on his mistake of fact is irrelevant. *See id.*

Bute believed the property was abandoned because he had not seen anyone enter or leave the property, the property appeared neglected, and the front yard was covered in debris, *see* N.T. Trial, 3/13/2024, at 29-30. Those observations alone do not render reasonable Bute's belief that the property was abandoned. Once inside the property, Bute observed that it contained several items, such as hair dryers and a bedframe, and he admittedly thought the property was being used for storage. *Id.* at 32-33; *see also id.* at 38 (Bute testifying he believed the property was being used for storage). Bute's mistaken belief of fact that the property was abandoned is, in fact, refuted by his admission that he believed it was being used for storage. The facts taken together and viewed in the light most favorable to the Commonwealth, as the verdict winner, are sufficient to prove criminal trespass.

Bute's "renovation" attempts, including his work on walls and windows, changing the locks, and putting a no trespassing sign on the door caused damage to Laurent's property. *Id.* at 34-35. In total, Laurent paid $900.00 to repair the damage done to the property caused by Bute. *Id.* at 19-20. The damage that was done to the property is sufficient to prove criminal mischief.

Viewing these facts in in the light most favorable to the Commonwealth, together with all reasonable inferences therefrom, we conclude that Bute's mistaken belief that the house was abandoned was unreasonable. Moreover, because his mistake of fact was unreasonable, it does not negate the *mens rea* element of criminal trespass or criminal mischief. **Namack**, **supra**. Therefore, we conclude that the Commonwealth disproved, beyond a reasonable doubt, Bute's abandonment defense, and proved the elements of criminal trespass and criminal mischief beyond a reasonable doubt.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2025